The opinion of the court was delivered by
DeBlanc, J.
This suit is brought to recover from the defendant the sum of fifty dollars, which plaintiffs claim by virtue of an ordinance adopted by the Town Council of Breaux’s Bridge, on the 3d of December 1877. That ordinance was written, presented, promulgated and preserved in the French language, and is not signed by the mayor.
The tenth Section of the act amending the incorporation of the town of Breaux’s Bridge provides “ that the mayor shall sanction all laws and ordinances passed by the Board of Selectmen.” That sanction must be expressed otherwise than by suing to recover the amount of a license imposed by said laws and ordinances, which are not published in any official paper, but merely placarded in different parts of the town. The council’s enactments and their promulgation must bear the signatures of the Mayor of the Town and of the Secretary of the Board. 'Without at least one of the signatures of those two officers, no one could be legally informed of the adoption of those enactments, and —without both of them — the promulgation by mere posting was a vain formality.
In this instance, to prove a fact which must be shown by the book to be kept by the Secretary, he had to be called and examined as a witness, and testified that two of the members of the Board have voted for the ordinance. When denied, such a fact can be established but by the deliberations of the Board and their promulgation duly attested by the signatures of the mayor and secretary.
The Council’s ordinance imposing the license sought to be recovered is a law, a legislative proceeding, and — though its promulgation in the language understood and spoken in the locality wherein it was *1106 adopted was proper and authorised, the 109th article of the Constitution of 1868, which differs from Sect 15 of title VI of the State Constitution of 1812, commands that all laws and legislative proceedings shall be promulgated and preserved in the English language.
In the case of Loze vs Mayor reported in the 3d La and relied upon by the counsel representing plaintiffs, this court held that only the laws passed by the Legislature of the State were to be promulgated in the English language. That decision was certainly correct, as then such a promulgation was limited by the Constitution to “-all laws that may be passed by the Legislature."
That plain provision of the Constitution of 1812 has been intentionally changed by as plain a provision of the Constitution of 1868, and now — unless promulgated and preserved in the English language — no law or ordinance, whether passed by the Legislature or a Town council —can have' any binding effect.
C. of 1868, art 109.
It is therefore ordered, adjudged and decreed that the judgment appealed from is annulled, avoided and reversed, and plaintiffs’ demand rejected with costs in both courts.